IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHERRI A. KEMP,  )
 ) 2:09-cv-1661-GEB-DAD
        Plaintiff,  )
 ) <u>ORDER IMPOSING SANCTIONS; OSC;</u>
    v.  ) <u>SETTING STATUS CONFERENCE</u>
 ) <u>AND RULE 4(M) NOTICE</u>
AMERICAN HOME MORTGAGE SERVICING,  )
INC.; OPTION ONE MORTGAGE  )
CORPORATION; H& R BLOCK MORTGAGE  )
CORPORATION; HOWARD RUDOLPH and  )
KATHI ALDRIDGE,  )
 )
        Defendants.  )
_____ )

        Plaintiff and her lawyer were issued an Order to Show Cause on September 18, 2009 ("September 18 OSC"), which required them to explain why sanctions should not be imposed for Plaintiff's failure to file a timely status report.  Since no timely status report was filed, the status conference was rescheduled to October 19, 2009, and Plaintiff was required to file a status report no later than fourteen days prior to the October 19 status conference.

        Plaintiff and her lawyer failed to respond to the September 18 OSC, and have not filed a status report required by the September 18 OSC.

        "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril . . . . Disregard of the order would undermine the court's ability to control its docket . . . and reward the indolent and the cavalier." <u>Johnson v. Mammoth Recreations, Inc.</u> 975 F.2d 604, 610 (9th Cir. 1992)

(internal citation and quotations omitted); see also Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanction of lawyer for failure to attend a settlement conference because **"the date 'slipped by him'"**) (emphasis added).  "The cogs of the wheel of justice move much more smoothly when attorneys who practice in this court follow the rules of practice and procedure . . . ." Dela Rosa v. Scottsdale Memorial Health Systems, Inc., 136 F.3d 1241, 1244 (9th Cir. 1998).

        Since Plaintiff's counsel failed to file a timely status report, and did not respond to the September 18 OSC, Plaintiff's attorney Michael J.M. Brook and/or Lanahan & Reilley LLP is sanctioned four hundred dollars ($400.00) for failure to timely file a status report.  This sanction shall be paid to the Clerk of this Court within ten (10) days from the date on which this Order is filed by a check made payable to the "United States Treasury."  Proof of payment shall be sent to the undersigned judge's chambers within five (5) days of payment.  This sanction is personal to counsel or his law firm and shall not be transmitted to counsel's client.

        Further, since Plaintiff also failed to file a status report on October 5, 2009, required by the September 18 OSC, Plaintiff and her lawyer are Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on October 15, 2009, why sanctions should not be imposed against her and/or her counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report.  The written response shall also state whether Plaintiff or her counsel is at fault, and whether a hearing is requested on the OSC.  If a hearing is requested, it will be held on November 16, 2009, at 9:00 a.m., just prior to the status conference, which is

rescheduled to that date.  In accordance with the requirements set forth in the June 16, 2009 Initial Scheduling Order, a status report shall be filed no later than fourteen days prior to the status conference.

Also, Plaintiff shall show cause in a writing to be filed no later than 4:00 p.m. on October 15, 2009, why this action should not be dismissed because of her failure to comply with two orders requiring that a status report be filed.

Further, if service of process has not been completed on a defendant named in the complaint Plaintiff filed on June 15, 2009, on or before October 13, 2009, Plaintiff shall show cause in a filing due on October 14, 2009, why this action should not be dismissed for failure to serve any then unserved defendant within Rule 4(m)'s 120-day time service period.  If service has been made a proof of service shall be filed to avoid dismissal.

Lastly, the Doe defendants are dismissed, since timely justification has not been filed warranting Doe defendant allegations remaining in this case. The caption has been changed to reflect this dismissal.

Dated:  October 8, 2009

GARLAND E. BURRELL, JR.
United States District Judge