IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHERRI A. KEMP, | ) | |
| | ) | |
| Plaintiff, | ) | 2:09-cv-01661-GEB-DAD |
| | ) | |
| v. | ) | ORDER GRANTING AND DENYING IN |
| | ) | PART DEFENDANTS' MOTIONS TO |
| AMERICAN HOME MORTGAGE SERVICING, | ) | DISMISS AND DECLINING TO |
| INC.; OPTION ONE MORTGAGE | ) | EXERCISE SUPPLEMENTAL |
| CORPORATION; H&R BLOCK MORTGAGE | ) | JURISDICTION OVER PLAINTIFF'S |
| CORPORATION; HOWARD RUDOLPH and | ) | STATE CLAIMS* |
| KATHI ALDRIDGE, | ) | |
| | ) | |
| Defendants. | ) | |

On September 21, 2009, Defendant American Home Mortgage Servicing, Inc. ("AHMSI") filed a motion under Federal Rule of Civil Procedure 12(b)(6)("Rule 12(b)(6)") to dismiss Plaintiff's first amended complaint. (Docket No. 16.) On October 14, 2009, Defendants Sand Corporation f/k/a Option One Mortgage Corporation ("Option One") and H & R Block Mortgage Corporation ("H & R Block") also filed a motion under Rule 12(b)(6) seeking an order dismissing Plaintiff's first amended complaint, or alternatively, an order compelling a more definite statement under Federal Rule of Civil Procedure 12(e). (Docket No. 25.)[1]

---

\* This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

[1] Defendants Howard Rudolph and Kathi Aldridge filed a notice of joinder on October 22, 2009, seeking to join in Option One and H & R Block's dismissal motion. The propriety of Rudolph and Aldridge's
(continued...)

1

## I.   LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") "challenges a complaint's compliance with . . . pleading requirements." Champlaie v. BAC Home Loans Servicing, LP, No. S-09-1316 LKK/DAD, 2009 WL 3429622, at *1 (E.D. Cal. Oct. 22, 2009).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Further, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  Plausibility, however, requires more than "a sheer possibility that a defendant has acted unlawfully." Id.  "When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility

---

[1](...continued)
notice of joinder need not be addressed since the Court declines to exercise supplemental jurisdiction over the state law claims alleged against these defendants.

1 and plausibility of entitlement to relief." Id. (quotations and
2 citation omitted).
3       In evaluating a dismissal motion under Rule 12(b)(6), the
4 court "accept[s] as true all facts alleged in the complaint, and
5 draw[s] all reasonable inferences in favor of the plaintiff." Al-Kidd
6 v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, neither
7 conclusory statements nor legal conclusions are entitled to a
8 presumption of truth. See Iqbal, 129 S. Ct. at 1949-50.
9       All parties request that judicial notice be taken of two
10 documents: (1) a Deed of Trust, recorded on July 24, 2006; and (2) an
11 assignment of the Deed of Trust. Plaintiff also requests that
12 judicial notice be taken of three other documents: (1) a copy of the
13 qualified written request ("QWR") Plaintiff sent to AHMSI on April 17,
14 2009; (2) a copy of a mortgage statement sent by AHMSI to Plaintiff
15 demanding payment; and (3) a copy of the loan servicing notice sent to
16 Plaintiff on July 14, 2006. Option One and H & R Block also attached
17 two exhibits to their motion to dismiss: (1) a Truth in Lending
18 Disclosure Statement; and (2) Notices of Right to Cancel.
19       While, "as a general rule, a district court may not consider
20 materials not originally included in the pleadings in deciding a Rule
21 12 motion . . . it may take judicial notice of matters of public
22 record and may consider them without converting a Rule 12 motion into
23 one for summary judgment." U.S. v. 14.02 Acres of Land More or Less
24 in Fresno County, 547 F.3d 943, 955 (9th Cir. 2008)(quotations and
25 citations omitted). However, to take judicial notice of a fact, it
26 must be either "generally known within the territorial jurisdiction of
27 the trial court" or "capable of accurate and ready determination by
28 resort to sources whose accuracy cannot reasonably be questioned."

Fed. R. Evid. 201(b). The Deed of Trust and the assignment of the Deed of Trust are publically recorded documents of which judicial notice may properly be taken. The other documents submitted by Plaintiff, however, are not appropriate for judicial notice since they are not publicly recorded or otherwise easily verifiable.

However, under the doctrine of "incorporation by reference," a court may consider "documents, whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005)(quotations and citations omitted). The purpose of this doctrine is to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based . . . ." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Plaintiff's first amended complaint refers to the QWR it sent to AMHSI as well as the Truth in Lending Disclosure and Notice of Right to Cancel documents. (First Amended Compl. ("FAC") ¶¶ 26, 30, 37, 55, 80.) Since no party has questioned the authenticity of these three documents, they may be considered under the incorporation by reference doctrine without converting Plaintiff's motion into one for summary judgment. Plaintiff, however, has not demonstrated that the other two documents - the mortgage statement sent by AHMSI and a copy of the loan servicing notice sent to Plaintiff - may properly be considered on a dismissal motion. These two documents, are therefore, disregarded.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On or about July 13, 2006, Plaintiff obtained a mortgage loan from H & R Block for the amount of two hundred fifty five thousand dollars. (Request for Judicial Notice Ex. 1.) The loan was

secured by a Deed of Trust on the property located at 167 Creekside Circle in Sacramento, California. (Id.) The Deed of Trust identifies Premier Trust Deed Services, Inc. as the trustee and H & R Block as the lender. (Id.)

Plaintiff alleges that in July 2006, Kathi Aldridge represented to Plaintiff that "she was the loan officer for Defendant H & R [Block], and solicited her to refinance her residence." (FAC ¶ 20.) Plaintiff's claims stem from her allegations that Aldridge induced her into purchasing an allegedly unaffordable loan through misrepresentations, non-disclosure, and fraudulent conduct. Specifically, Plaintiff alleges that "Aldridge advised Plaintiff that she could get her the 'best deal' and the 'best interest rates' available on the market" and if the loan ever became unaffordable, she would be able to refinance. (Id. ¶¶ 21, 25.) Further, Plaintiff alleges that Aldridge "fraudulently overstated" Plaintiff's income on her loan application. (Id. ¶ 23-24.)

Plaintiff filed her initial complaint in this federal district court on June 15, 2009. AHMSI filed a motion to dismiss on August 7, 2009 that was mooted by Plaintiff's filing of an amended complaint on August 28, 2009. Plaintiff's first amended complaint alleges nine claims under state and federal law against five defendants.

### III. DISCUSSION
#### A. Plaintiff's Federal Claims
**1. Truth In Lending Act**

Option One and H & R Block argue Plaintiff's claim under the Truth in Lending Act ("TILA") is untimely and should be dismissed. Plaintiff's opposition states that "Plaintiff will be dismissing,

without prejudice, Moving Defendants from this cause of action." (Opp'n to Option One and H & R Block's Mot. to Dismiss ("MTD") 5:24-25.)  Therefore, Plaintiff's TILA claim against H & R Block is dismissed.

**2.  Real Estate Settlement Procedures Act**

Option One and H & R Block argue Plaintiff's RESPA claim alleged against H & R Block under the Real Estate Settlement Procedures Act ("RESPA") should be dismissed since it lacks sufficient factual allegations to state a claim.  Plaintiff states in her opposition that she "will be dismissing, without prejudice, the Moving Defendants from this cause of action."  (Opp'n to Option One and H & R Block's MTD 10:7-8.)  Therefore, Plaintiff's RESPA claim alleged against H & R Block is dismissed.

AHMSI also seeks dismissal of Plaintiff's RESPA claim alleged against it, arguing the claim lacks sufficient factual allegations.  Plaintiff alleges in this claim that a letter she sent to AHMSI is a QWR under RESPA, and that "AHMSI violated RESPA, 12 U.S.C. §2605(e)(2), by failing and refusing to provide a proper written explanation or response to Plaintiff's QWR."  (FAC ¶ 80.) Plaintiff attaches to her opposition brief the QWR she alleges she sent to AHMSI, and she argues this letter is a valid QWR.

RESPA requires that loan servicers provide a timely written response to a QWR from a borrower.  12 U.S.C. § 2605(e)(1),(2).  Not every communication from a borrower constitutes a QWR.  Rather, a QWR is defined as "a written correspondence, other than on a payment coupon or other payment medium supplied by the servicer, that -- (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons

6

1  for the belief of the borrower, to the extent applicable, that the
2  account is in error or provides sufficient detail to the servicer
3  regarding other information sought by the borrower." 12 U.S.C. §
4  2605(e)(1)(B).
5       The letter attached to Plaintiff's opposition identifies
6  Plaintiff's name and her account number. The letter also requests
7  copies of certain documents and poses questions categorized as
8  "service related questions," "suspense/unapplied account questions,"
9  and "late fee questions."
10      AHMSI argues in its reply brief that "Plaintiff fails to
11 attach a copy of the alleged QWR . . . and fails to allege the full
12 contents of the alleged QWR." However, the letter is attached to
13 Plaintiff's opposition brief, and AHMSI has not challenged the
14 authenticity of the letter, or responded to Plaintiff's argument that
15 the letter satisfies the requirements of Section 2605(e)(1)(B).
16 Therefore, AHMSI's motion to dismiss Plaintiff's RESPA claim in which
17 Plaintiff alleges AHMSI failed to respond to Plaintiff's QWR is
18 denied.
19      AHMSI also seeks dismissal of the portion of Plaintiff's
20 RESPA claim in which she alleges that "Defendants have engaged in a
21 pattern or practice of non-compliance with the requirements of the
22 mortgage servicer provisions of RESPA as set forth in § 2605." This
23 allegation is conclusory and a "naked assertion[]" which is
24 insufficient to state a viable RESPA claim. Iqbal, 129 S. Ct. at 1949
25 (quotations omitted). Therefore, this portion of AHMSI's motion to
26 dismiss is granted.
27 //
28 //

1     **B.   Supplemental Jurisdiction Over Plaintiff's State Law Claims**

2         Plaintiff's first amended complaint also alleges seven claims under state law: negligence, breach of fiduciary duty, fraud, breach of contract, breach of the implied covenant of good faith and fair dealing and violations of California's Rosenthal Act and Business & Professions Code § 17200 et seq. Plaintiff alleges the federal court has pendent jurisdiction over these claims. (FAC ¶ 1.)

        "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). District courts have discretion to sua sponte consider whether to continue exercising supplemental jurisdiction over pendent state law claims. Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997)(en banc). Since Plaintiff's RESPA claims are her sole remaining federal claims, the court sua sponte considers whether Plaintiff's state claims substantially predominate over her RESPA allegations and should therefore be dismissed under 28 U.S.C. § 1367(c)(2)("section 1367(c)(2)"), which authorizes a district court to decline to exercise supplemental jurisdiction when pendent state claims "substantially predominate[] over the claim . . . over which the district court has original jurisdiction."

        Where "the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." Gibbs, 383 U.S. at 727. "Generally, a district court will find substantial predomination where a state claim constitutes the real body of a case, to which the federal claim is only an appendage - only where permitting litigation of all claims in the

8

1  district court can adequately be described as allowing a federal tail
2  to wag what is in substance a state dog." De Asencio v. Tyson Foods,
3  Inc., 342 F.3d 301, 309 (3d Cir. 2003)(quoting Borough of W. Mifflin
4  v. Lancaster, 45 F.3d 780, 789 (3d Cir. 1995)).  As soon as the
5  "nature of [a plaintiff's] proofs and the relative importance of [a
6  plaintiff's] claims" becomes apparent, the federal court need not
7  "tolerate a litigant's effort to impose upon it what is in effect only
8  a state law case." Gibbs 383 U.S. at 727.  Further, as in any other
9  case applying section 1367(c), "a federal court should consider and
10 weigh . . . the values of judicial economy, convenience, fairness, and
11 comity." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156,
12 173 (1997)(quotations and citations omitted); see also Borough of W.
13 Mifflin, 45 F.3d at 789 (stating that "[g]iven the origin of the
14 'substantially predominate' standard, a district court's analysis
15 under § 1367(c)(2) should track the Supreme Court's explication of
16 that standard in Gibbs").

17         Plaintiff's state law claims center on his allegations that
18 defendant Aldridge, through alleged misrepresentations and non-
19 disclosures, improperly induced Plaintiff into purchasing a loan she
20 could not afford.  Plaintiff's state law claims, therefore, largely
21 concern Aldridge's conduct prior to, at, or immediately after the
22 closing of Plaintiff's loan transaction in July 2006.  Only
23 Plaintiff's Rosenthal Act claim, which alleges that AHMSI and H & R
24 Block engaged in improper debt collection tactics, involves conduct
25 occurring after the execution of Plaintiff's loan.
26         In contrast, Plaintiff's RESPA claim concerns her
27 allegations that AHMSI failed to respond to a purported QWR which
28 Plaintiff mailed in April 2009, and that AHMSI did not comply with the

disclosure requirements of section 2605, which require, in pertinent part, that a loan servicer provide written notice to a borrower of "any assignment, sale or transfer of the servicing of [the borrower's] loan . . . ." 12 U.S.C. § 2605(b).[2]

Therefore, "in terms of proof" and "the scope of the issues raised" Plaintiff's state law claims substantially predominate over her RESPA allegations. Plaintiff's RESPA claims have little, if any, factual overlap with her state claims. The state claims will be determined by each defendant's conduct before, at, and immediately after the closing of Plaintiff's loan. In contrast, Plaintiff's RESPA claims will be determined by AHMSI's much later alleged failure to respond to Plaintiff's QWR or to provide certain notices. Therefore, there is no "common nucleus of operative fact" between Plaintiff's RESPA claims and her allegations under state law. Further, Plaintiff's remaining RESPA claims are alleged against only AHMSI, whereas her state law claims are alleged against five different defendants, and will involve a broader scope of discovery.

The principle of comity also weighs in favor of dismissing Plaintiff's state law claims. "Needless decisions of state law should be avoided" since state courts should have the primary responsibility of applying and developing state law. <u>Gibbs</u> 383 U.S. at 727.

---

[2] Section 2605(a) requires that a lender disclose to the borrower, at the time of the loan application, "whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding." However, Plaintiff has not alleged that AHMSI was the original lender for his loan, and therefore, the requirements of Section 2605(a) appear inapplicable to Plaintiff's RESPA claim alleged against AHMSI. Plaintiff's opposition confirms this characterization, arguing that "AHMSI failed to disclose to Plaintiff that it obtained servicing rights to her loan . . . ." (Opp'n to AHMSI MTD 14:28-15:1.)

Further, Plaintiff's ability to litigate her state claims does not appear to be precluded by dismissal under section 1367(c)(2) since 28 U.S.C. 1367(d) discusses the statute of limitations period for dismissed state claims.

Since Plaintiff's state claims substantially predominate over her federal RESPA claims and principles of comity and fairness weigh in favor of dismissal, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims under section 1367(c)(2).

### IV. CONCLUSION

For the stated reasons, the court declines to exercise supplemental jurisdiction over Plaintiff's state claims. Therefore, Plaintiff's state claims are dismissed from this action without prejudice. Further, Option One and H & R Block's motion to dismiss Plaintiff's TILA claim and RESPA claim alleged against H & R is granted. Defendant AHMSI's motion to dismiss Plaintiff's RESPA claims alleged against it is granted and denied in part. Plaintiff, however, is granted leave to amend the dismissed portion of her RESPA claims alleged against AHMSI. Any amended complaint addressing Plaintiff's RESPA claims against AHMSI shall be filed within fourteen (14) days of the date on which this order is filed.

**Dated:  February 2, 2010**

_____
**GARLAND E. BURRELL, JR.**
**United States District Judge**