IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| SHERRI KEMP, | ) | |
| | ) | |
| Plaintiff, | ) | 2:09-cv-01661-GEB-DAD |
| | ) | |
| v. | ) | <u>ORDER DECLINING SUPPLEMENTAL</u> |
| | ) | <u>JURISDICTION OVER PLAINTIFF'S</u> |
| AMERICAN HOME MORTGAGE SERVICING, | ) | <u>STATE LAW CLAIMS</u>* |
| INC., OPTION ONE MORTGAGE | ) | |
| CORPORATION, H & R BLOCK MORTGAGE | ) | |
| CORPORATION, HOWARD RUDOLPH and | ) | |
| KATHI ALDRIDGE, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Sand Canyon Corporation f/k/a Option One Mortgage Corporation, H & R Block Mortgage Corporation, Howard Rudolph and Kathi Aldridge filed a motion to dismiss Plaintiff's second amended complaint for lack of subject matter jurisdiction. Plaintiff's second amended complaint alleges seven claims under California law. Plaintiff filed an opposition in which she states:

> Plaintiff requests the Court take notice that her Second Amended Complaint, the operative pleading, contains no federal causes of action. The remaining causes of action are

---

* This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

|   |   |
|---|---|
| 1 | all state claims. Therefore, this court may decline to exercise supplemental jurisdiction over state law claims . . . . To avoid unnecessary usurpation of the Court's time and resources, as well as those of the parties, Plaintiff has no objection to the Court's dismissal without prejudice of this matter. |

(Pl.'s Opp'n 3:3-14.)

Plaintiff's earlier complaints included federal claims, and jurisdiction over those claims was based on the existence of federal questions. Since the federal claims have been eliminated from Plaintiff's second amended complaint, the Court decides whether it should continue exercising supplemental jurisdiction over Plaintiff's state law claims. Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state law] claim" when "all claims over which it has original jurisdiction" have been dismissed. This decision should be informed by the values of economy, convenience, fairness and comity as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1996). Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

Comity weighs in favor of not exercising jurisdiction since state courts have the primary responsibility for developing and applying state law. See Acri, 114 F.3d at 1001 (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims" (quotations and citation omitted)); Curiel v. Barclays Capital Real Estate Inc., No. S-09-3074 FCD/KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010) (stating "primary responsibility for developing and applying state law rests with the state courts" and declining to exercise supplemental

jurisdiction after dismissal of the federal claims). Further, none of the remaining <u>Gibbs</u> factors favor retaining jurisdiction in this case. Therefore, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and those claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3). Accordingly, this action shall be closed.

Dated: May 6, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge